## ABE GUNN v. THE STATE.

No. 14565. Delivered November 25, 1931.

The opinion states the case.

*R. A. DeFee,* of Channing, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of a hog; punishment, two years in the penitentiary.

There is not an exception in the record to the rulings of the court upon the admission and rejection of testimony, or to the instructions

given, all seeming to have been satisfactory to appellant. The only question raised is as to the sufficiency of the testimony. Appellant introduced no witnesses.

We have carefully reviewed the facts and think them ample to justify the verdict and judgment. Kelsoe owned eight hogs, and observed all eight of them going up the road on Sunday afternoon toward appellant's house, some quarter or a half mile distant from the house of Mr. Kelsoe, the surrounding country being open prairie. He watched and saw them all go into appellant's yard. Later that afternoon, accompanied by his son-in-law, who also testified to seeing the hogs go up to appellant's place that morning, Kelsoe went up the road toward and past appellant's premises. Both he and his son-in-law testified that not far from appellant's place they met the hogs coming down the road toward home, and the son-in-law stated that there were only seven, that one of the hogs was gone. As they went by appellant's place, the only buildings upon which were an adobe dwelling, a hen house and a dilapidated garage, they failed to see the missing hog. Upon their return to Mr. Kelsoe's still later that afternoon they counted the hogs and again found that only seven of them had come home. The hogs were a litter, grown up and running together. The next morning a search for the missing hog was renewed, and on that day Mr. Kelsoe testified that he saw appellant in a nearby town come out of a grocery store with a small sack of salt, which is shown by testimony otherwise to have been just bought by appellant. That same Monday afternoon Mr. Kelsoe had a search warrant issued, armed with which the sheriff went to appellant's residence and told him he was looking for a hog and had a search warrant, and asked appellant if he had a hog in his possession. Appellant said that he did, and took the sheriff into the house and opened a trunk where the sheriff and county attorney observed the freshly killed body of a skinned hog which the sheriff said would weigh over 100 pounds. Mr. Kelsoe testified that his hogs would average around 125 pounds in weight. The sheriff made no arrest and did not take the carcass of the hog away, there being no marks of identification to it, but he informed Kelsoe of what he had seen. Mr. Kelsoe went to appellant's house that same night and asked appellant to let him see the carcass of the hog in the trunk, but appellant ordered him away and refused to let him see same. The next morning, Tuesday morning, the officers returned to appellant's place but found that the meat had been removed from the trunk, and were informed by appellant's wife that she did not know where it was. Later that day the officers found appellant in the nearby town of Dumas. He told the officers that he had bought the hog from a man whose name he did not know but whose place he could point out. The sheriff and constable took appellant in the constable's car and drove around to two or three places which he pointed out, one of them being a vacant house in

which he said the party lived from whom he got the meat. The meat was never found, nor was the missing hog. As stated above, we think these facts sufficiently showed appellants' guilt. The court submitted the case to the jury under an instruction upon the law of circumstantial evidence.

No error appearing, the judgment will be affirmed.

*Affirmed.*